IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAKEIM ROBINSON** | : | **CIVIL ACTION** |
| **v.** | : | |
| **DORINA VARNER**, <u>et al</u>. | : | **NO. 12-6359** |

**MEMORANDUM**

**JOYNER, Ch. J.**                                              **DECEMBER 17, 2012**

Plaintiff Hakeim Robinson, a prisoner incarcerated at the State Correctional Institution at Frackville, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Dorina Varner, Superintendent Doug Collins, Peter Damiter, and Lieutenant Weissinger. He seeks to proceed <u>in forma pauperis</u>. For the following reasons, the Court will grant plaintiff leave to proceed <u>in forma pauperis</u> and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. FACTS**

Plaintiff appears to be alleging that a correctional officer or officers either accidently lost or stole his property, specifically, memory cards for a beat machine. Plaintiff realized that he did not have the memory cards when he entered the Restricted Housing Unit ("RHU"). Accordingly, he sent "a request to Mr. Damiter[, a grievance coordinator,] in order to preserve [his] right to file a grievance if [the cards] weren't in [his] property once [he] was released from the RHU." (Compl. ¶ V.) When plaintiff was released, the memory cards were missing. Plaintiff therefore sent another request to Damiter and

1

subsequently filed a grievance.

It appears from the complaint that plaintiff sought reimbursement for the value of the missing cards, which amounted to $19.90. Weissinger denied plaintiff's grievance because, according to Wessinger, plaintiff failed to indicate that the cards were missing at the time he was discharged from the RHU. Plaintiff disagreed with that conclusion and appealed the denial of his grievance to Superintendent Collins, who denied the appeal. He subsequently appealed to Varner, the Chief Grievance Coordinator, but that appeal was denied as well. Accordingly, plaintiff initiated this lawsuit, seeking reimbursement for the value of his lost property and an order directing that he be permitted to purchase new memory cards as needed.

**II. STANDARD OF REVIEW**

Plaintiff is granted leave to proceed in forma pauperis because he has satisfied the standards set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

**III. DISCUSSION**

"[P]rison inmates do not have a constitutionally protected right to a grievance process." Jackson v. Gordon, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). Accordingly, plaintiff has failed to state a claim against the defendants based on their denials of grievances and/or appeals that he filed concerning his lost property.[1] See Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Amendment would be futile here because plaintiff cannot state a constitutional claim based on his dissatisfaction with the grievance process.

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiff's complaint with prejudice. An appropriate order follows.

---

[1] Additionally, plaintiff cannot sustain a constitutional claim based on allegations that prison officials accidently lost his property. See Daniels v. Wiliams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."). To the extent plaintiff believes that a prison official or officials intentionally deprived him of his property, there is no basis for a due process claim because Pennsylvania law provides an adequate remedy for intentional wrongs committed by state officials. See Shakur v. Coelho, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).